**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Argued May 13, 2005

Decided June 29, 2005

Before

**Hon.** RICHARD D. CUDAHY, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

| | |
|---|---|
| No. 05-1032 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| In the Matter of: | |
| LILLIE R. HOGAN,<br>    *Debtor-Appellant*. | No. 04 C 5960<br>Blanche M. Manning, *Judge*. |

**Order**

Section 109(g)(2) of the Bankruptcy Code provides that no one may commence a new bankruptcy proceeding within 180 days after "the debtor requested and obtained the voluntary dismissal of [a] case following the filing of a request for relief from the automatic stay provided by section 362 of this title." Lillie Hogan wanted to extend the effective time limit of a Chapter 13 plan by dismissing her pending proceeding (which per 11 U.S.C. §1322(d) cannot exceed five years, only five months of which remained) and immediately filing another. A creditor had filed a motion to lift the automatic stay in Hogan's original proceeding, however, so both Bankruptcy Judge Squires and Marilyn Marshall, the Chapter 13 Standing Trustee, warned her that §109(g)(2) precludes the plan. Hogan nonetheless dismissed the pending case and promptly tried to file a new petition. The Trustee not only opposed this maneuver but also sought an award of attorneys' fees for frivolous litigation. Hogan retaliated by

calling the Trustee's motion frivolous and demanding an award of attorneys' fees in her favor. Relying on §109(g)(2), the bankruptcy judge dismissed the new petition; the judge also denied both requests for sanctions. The district judge affirmed. 2004 U.S. Dist. LEXIS 24535 (N.D. Ill. Nov. 30, 2004).

Hogan's initial petition was dismissed on April 21, 2004. The 180-day bar expired in October 2004, before the district judge's decision. Hogan could have filed another Chapter 13 proceeding then but did not, and at oral argument her lawyer told us that she had not done so to this day and no longer wants to go through bankruptcy again. Nor did counsel articulate any loss that Hogan suffered during the 180 days when, under the bankruptcy judge's ruling, she was unable to file. No creditor seized assets during that window.

The district judge did not remark on the possibility of mootness. The briefs in this court by Hogan and the Trustee (none of Hogan's creditors participated) likewise ignore mootness and debate the interpretation of §109(g)(2) as if the judges were editors of a law review; neither side discusses how postponing the opportunity to file a second bankruptcy petition affected Hogan and what relief could be apt today. Only the possibility of attorneys' fees remains. Yet the Supreme Court has held that "[t]he mere fact that continued adjudication would provide a remedy for an injury [the cost of legal services] that is only a byproduct of the suit itself does not mean that the injury is cognizable under Art. III." *Diamond v. Charles*, 476 U.S. 54, 70–71 (1986). See also, e.g., *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107–08 (1998); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990). Once the substantive claim in the litigation becomes moot, a quest for fees does not justify a resolution of the dispute on the merits.

That leaves the possibility that a 180-day delay in filing a new bankruptcy is sufficiently short that the controversy is capable of repetition but evading review. That doctrine, however, applies only when the dispute is capable of repetition for the same litigants. See *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Weinstein v. Bradford*, 423 U.S 147 (1975). Hogan tells us that she has sworn off bankruptcy. If she has a change of heart (or of fortunes) it remains unlikely that the sequence of motion to modify the automatic stay, dismissal, and refiling within 180 days would recur. Such a remote possibility does not make this a live case or controversy.

The judgment of the district court is vacated, and the case is remanded with instructions to remand to the bankruptcy court for vacatur and dismissal as moot. See *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).